IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| F.W. BURNETT, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-CV-4499-D |
| VS. | § | |
| | § | |
| PETROLEUM GEO-SERVICES, INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

    In this removed action, plaintiff's motion to remand presents the question whether all

state-law claims that were completely preempted under ERISA[1] have dropped out of the case,

and, if so, whether the court should remand the case to state court.  Concluding that no

remaining claim is completely preempted under ERISA and that the pertinent factors support

remanding the case, the court grants the motion and remands this lawsuit to state court.

I

    Plaintiff F.W. Burnett, Jr. ("Burnett") is an attorney who worked for defendants

Petroleum Geo-Services, Inc. ("Petroleum") and PGS Americas, Inc. ("PGS") from 2007 to

2012, when he was terminated.  Burnett alleges that, during this time, defendants treated him

as an independent contractor when, in fact, he was an employee.  Based on this and other

circumstances that are not germane to this motion, Burnett sued defendants in state court on

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

three state-law claims: breach of contract, age discrimination, and wrongful discharge.  In support of his breach of contract claim, Burnett alleged that defendants materially breached their obligations to pay for vacation, benefits, commissions, and bonuses.  He also asserted that he was denied benefits, including participation in all health plans, a 401(k) profit sharing plan, long-term and short-term disability plans, and insurance coverage.  Because Burnett sought attorney's fees as part of his breach of contract claim, he served defendants with a written demand for relief in accordance with Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008).  The demand letter stated that he should have participated in health plans, disability plans, and life insurance plans.

Defendants timely removed the case to this court, contending that the court had federal question jurisdiction because Burnett's breach of contract claim sought benefits under an ERISA plan and was therefore completely preempted.  Following removal, Burnett filed an amended complaint that omitted references in the factual allegations section to the ERISA plans and removed the term "benefits" from the breach of contract claim.  Burnett now moves to remand the case to state court based on the amended complaint.  Defendants oppose the motion.

II

The court assumes *arguendo* that removal was proper based on Burnett's original state court petition; his motion to remand therefore turns on whether his claim for breach of

- 2 -

contract, as alleged in his amended complaint, is completely preempted under ERISA.[2]

A

Although the propriety of removal is usually determined by examining the case at the time of removal, *see Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000), a district court retains the discretion to remand a case after the claims that gave rise to federal jurisdiction, and, in turn, to removal, have dropped out of the case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted by ERISA); *Pyle v. Beverly Enters.-Tex., Inc.*, 826 F. Supp. 206, 211-12 (N.D. Tex. 1993) (Fitzwater, J.). This is because a federal court has the duty "to examine [its] jurisdiction 'at every stage of the litigation.'" *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Carnegie-Mellon*, 484 U.S. at 350). Defendants have the burden of overcoming an initial presumption against

---

[2]The court's decision to assume that removal was proper does not violate the Supreme Court's prohibition on exercising "hypothetical jurisdiction." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) ("We decline to endorse [hypothetical jurisdiction] because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers."). This follows from the fact that a court has leeway "to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). *See also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (characterizing *Steel Co.* as having "clarified that a federal court generally may not rule *on the merits* of a case without first determining that it has jurisdiction") (emphasis added). In the present case, the court is remanding the case without reaching the merits because no federal question claims remain and the applicable factors favor declining to exercise supplemental jurisdiction.

jurisdiction.[3]

## B

To decide whether all federal-question claims have dropped out of the case, the court must determine whether Burnett's breach of contract claim is completely preempted by ERISA.   Ordinarily, federal question jurisdiction is determined by the well-pleaded complaint rule, which holds that "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint' raises issues of federal law sufficient to support federal question jurisdiction."  *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)).  The well-pleaded complaint rule makes the plaintiff "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted).

The well-pleaded complaint rule, however, is not without exception.  One exception is complete preemption, which applies to areas "in which Congress has 'so completely preempt[ed] a particular area that any civil complaint raising this select group of claims is

---

[3]Although the present procedural posture is slightly different from the ordinary motion to remand, it is a longstanding principle that the party seeking to invoke the court's jurisdiction has the burden of proof.  *See, e.g., Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (stating in the context of motion to remand that the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum"); *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 314 (5th Cir. 2012) (stating in context of Rule 12(b)(1) motion that "[t]he party asserting jurisdiction carries the burden of proof").  There is no reason why a plaintiff's decision to amend his complaint after removal should transfer the burden from the party invoking jurisdiction to the party opposing jurisdiction.

necessarily federal in character.'" *Rodriguez*, 980 F.2d at 1017 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)).  A court is required to look beyond the face of the complaint to determine if federal law "so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).  In such cases, the state-law claims seeking relief must be characterized as claims arising under federal law, and therefore give rise to "federal question" jurisdiction. *McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 n.11 (5th Cir. 2003) (en banc).  *See also id.* at 516 ("[C]omplete preemption . . . 'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of . . . making removal available to the defendant.").  The doctrine of complete preemption applies to certain claims preempted by ERISA.  *See Metro. Life*, 481 U.S. at 66-67.  "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  Thus when a plaintiff seeks to recover benefits denied contrary to the terms of an ERISA plan, his claim is completely preempted by ERISA's civil enforcement provisions.  *See, e.g., Meyers v. Tex. Health Res.*, 2009 WL 3756323, at *5-6 (N.D. Tex. Nov. 9, 2009) (Fitzwater, C.J.) (holding that breach of contract claim seeking wrongfully withheld ERISA benefits was completely preempted).

III

A

The question whether all federal question claims have dropped out of the case turns on whether Burnett's breach of contract claim seeks benefits under an ERISA plan. Defendants advance three arguments for why the court should conclude that it does: first, by referring to an early retirement program, the amended complaint specifically seeks benefits under a severance plan governed by ERISA; second, Burnett must be seeking ERISA benefits because the amended complaint relies on the demand letter, which includes claims for ERISA benefits, and names Petroleum, the ERISA benefits administrator, as a defendant; and, third, the lack of clear references to ERISA in the amended complaint is not dispositive because it is the result of artful pleading and not of a substantive change.

B

1

Burnett alleges as part of his breach of contract claim that "[e]mployees who took early retirement were offered one month's pay for each year of service [and] Plaintiff did not receive this offer."  Am. Compl. ¶ 13.  Defendants maintain that the referenced early retirement option is part of their "Involuntary Benefits Severance Plan" ("Severance Plan") and therefore that Burnett's claim is completely preempted because it seeks ERISA benefits. But defendants have failed to establish a sufficient nexus between this factual allegation and the Severance Plan.  The only connection between the alleged early retirement plan and the Severance Plan appears to be that each pays the beneficiary one month's salary per year of

service. *Id.*; Ds. App. 5.  The amended complaint refers to an "offer[]" and those who "took" early retirement—both phrases that imply choice.  The Severance Plan, however, applies only to those who are "involuntarily terminated."  Ds. App. 2.  Indeed, the court has not located, and defendants fail to cite, even one reference to "retirement" or "early retirement."  Burnett also denies that this plan applied to him, and he maintains that he is not seeking to recover benefits under the terms of an ERISA plan.  Although the "mere fact" that a plaintiff "strenuously objects to the inference that his cause of action [is based on federal law] cannot be decisive," *Sylgab Steel & Wire Corp. v. Strickland Transportation Co.*, 270 F. Supp. 264, 267 (E.D.N.Y. 1967), Burnett's disavowal has force when coupled with his amended complaint, which does not appear to seek benefits under an ERISA plan.  Moreover, there is no reason why a retirement plan is necessarily governed by ERISA.  *See Tinoco v. Marine Chartering Co.*, 311 F.3d 617, 622 (5th Cir. 2002) (holding that benefits provided under early retirement program were not covered by ERISA because program did not "require[] an administrative scheme to make ongoing discretionary decisions based on subjective criteria").  And if, despite his protestations, the reference to the retirement plan is in fact a reference to an ERISA plan, Burnett has only delayed the inevitable, because defendants can remove this case anew within 30 days after receipt of papers "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[4]

---

[4]Because removal would be based on a federal question, not diversity, 28 U.S.C. § 1446(c)(1) would not preclude removal.  *See id.* ("A case may not be removed . . . on the basis of jurisdiction conferred [by diversity] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to

Because defendants have not shown that the amended complaint's reference to early retirement demonstrates that Burnett is seeking benefits under the ERISA-governed Severance Plan, they have failed to show that his breach of contract claim is completely preempted.

2

Defendants' second argument fares no better.  Although in certain circumstances the court can consider the demand letter to establish federal question jurisdiction, *see, e.g.,* *Eggert v. Britton*, 223 Fed. Appx. 394, 396-97 (5th Cir. 2007) (per curiam) ("Under Fifth Circuit law, correspondence between parties and discovery-type documents may constitute 'other paper' under certain circumstances."), the demand letter in this case was written to support an attorney's fees claim under state law, prior to filing the original state court petition.  Despite the deletion of any ERISA claims from the amended complaint, the demand letter still functions as a predicate to recover attorney's fees under state law.  When the claims in the amended complaint are considered in tandem with the function of the demand letter, it is clear that Burnett does not intend to transform his state-law claims into federal claims based on how he framed his initial demand letter, which is necessary to recover attorney's fees under Texas law.

The court also discerns little merit in defendants' argument that, because Petroleum is PGS's ERISA benefits administrator, and Burnett sued Petroleum, he must be seeking

_____

prevent a defendant from removing the action.").

- 8 -

ERISA benefits.  In the context of the amended complaint, Burnett appears to be alleging that Petroleum is more than an ERISA benefits administrator—he asserts that he was working for "defendants" and that "defendants" wrongfully terminated his employment.  Am. Compl. ¶¶ 9-32.  Thus Burnett's inclusion of Petroleum as a party does not indicate that he intends to bring a claim that is completely preempted under ERISA.

3

Defendants maintain that the lack of references to ERISA benefits is the result of artful pleading and therefore does not defeat complete preemption.  *See Wilson v. Kimberly-Clark Corp.*, 254 Fed. Appx. 280, 286 (5th Cir. 2007) (per curiam) (holding that plaintiff cannot avoid preemption simply by omitting references to ERISA plan in pleading); *Roark v. Humana, Inc.*, 2001 WL 585874, at *1 (N.D. Tex. May 25, 2001) (Fitzwater, J.) (A plaintiff "cannot circumvent the preemptive reach of ERISA by artful pleading.").  Indeed, the court may look at the amended complaint to determine whether, regardless of the terms used, Burnett has alleged what is fundamentally an ERISA claim.  *Id.* at *1 (quoting *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001)).  Defendants argue that the court should conclude that Burnett has not substantively amended his complaint because, in contrast to cases where a plaintiff has deleted the cause of action seeking ERISA benefits, s*ee, e.g., Enochs*, 641 F.3d at 157, Burnett has not abandoned his breach of contract claim.  The court disagrees.

Defendants' argument overlooks that Burnett can bring a breach of contract claim that seeks non-ERISA benefits without, in the same claim, seeking benefits under an ERISA plan.

This is what Burnett has done. Although his original state court petition sought damages for "failure to pay him his vacation, *benefits*, commissions and bonuses," Pet. ¶ 19 (emphasis added), his amended complaint seeks damages for "failure to pay him his vacation, *compensation*, and bonuses," Am. Compl. ¶ 19 (emphasis added). Defendants dismiss this change as merely semantical and the result of artful pleading. But the court must read the amended complaint as it is written, and it does not appear that Burnett is engaging in impermissible artful pleading. *Cf. Roark*, 2001 WL 585874, at *2 (holding that claims were completely preempted where plaintiff attempted to bring claims challenging administration of medical benefits under guise of claims challenging quality of medical treatment).

The court therefore concludes that Burnett's breach of contract claim is not completely preempted under ERISA and that all of his federal question claims have dropped out of the case.

IV

The court must next decide whether to exercise supplemental jurisdiction over the state-law claims.

Once the federal claims drop out of a case that has been removed based on federal question jurisdiction, the court has the discretion to remand the case. *See Carnegie-Mellon*, 484 U.S. at 357; *Giles*, 172 F.3d at 338-39 (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted). To determine whether to exercise jurisdiction or to remand, the court should balance "the statutory factors set forth by 28 U.S.C. § 1367(c)," "the common law factors of judicial economy, convenience,

fairness, and comity," and the threat of "improper forum manipulation." *Enochs*, 641 F.3d at 159. The statutory factors are "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* at 159 (citing 28 U.S.C. § 1367(c)). While forum manipulation should be considered, the courts have repeatedly held that amending a complaint to delete all federal claims is not a pernicious forum manipulation. *See, e.g., Giles*, 172 F.3d at 340 (stating it is not improper forum manipulation to delete federal claims). This is because "plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping." *Guzzino v. Felterman*, 191 F.3d. 588, 595 (5th Cir. 1999).

The statutory factors support remanding the case. Although the remaining state-law claims do not raise novel or complex issues of state law, the state claims substantially predominate because no federal claims remain, and the federal claims have been dismissed.

Additionally, there is a compelling reason to remand the case because of the "heavy balance of the common law factors in favor of remand." *Enochs*, 641 F.3d at 159. "In deciding whether to remand the case, the court must consider the interests of judicial economy, fairness, convenience, and comity." *Johnson v. Dallas Indep. Sch. Dist.*, 2008 WL 4508044, at *1 (N.D. Tex. Oct. 7, 2008) (Fitzwater, C.J.). As now framed, this lawsuit presents state-law claims that should be decided by a state court; the remand is occurring relatively shortly (a matter of months) after the case was removed and before the parties have

incurred substantial expenses for services that will not apply to litigation in state court; and Burnett is not seeking to avoid an adverse ruling on the merits in this court.  A remand would best promote values of economy, convenience, fairness, and comity.

Finally, the court concludes that there is no threat of improper forum manipulation.

Accordingly, after considering all of the factors, the court sees no reason to depart from the general rule that it should "dismiss state claims when the federal claims to which they are pendent are dismissed."  *Enochs*, 641 F.3d at 161 (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (1992)).

\*   \*   \*

For the reasons explained, the court grants Burnett's motion to remand and remands this case to the 95th Judicial District Court of Dallas County, Texas.  The clerk of court shall effect the remand according to the usual procedure.

**SO ORDERED.**

April 22, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE